**STATE OF LOUISIANA**      \*      **NO. 2023-K-0673**

**VERSUS**      \*

     **COURT OF APPEAL**

**RANDOLPH ROBINSON**      \*

     **FOURTH CIRCUIT**

     \*

     **STATE OF LOUISIANA**

\* \* \* \* \* \* \*

ON SUPERVISORY WRIT FROM THE
CRIMINAL DISTRICT COURT ORLEANS PARISH
NO. 459-101, SECTION "C"
Honorable Benedict J. Willard, Judge
\* \* \* \* \* \*
**Judge Paula A. Brown**
\* \* \* \* \* \*

(Court composed of Judge Joy Cossich Lobrano, Judge Paula A. Brown, Judge Nakisha Ervin-Knott)


Jason Roger Williams
District Attorney
Brad Scott
Chief of Appeals
Orleans Parish
619 S. White Street
New Orleans, LA 70119

     COUNSEL FOR STATE OF LOUISIANA/ RESPONDENT


Randolph Robinson, #330627
Louisiana State Penitentiary
Camp F Dorm 4-Right
Angola, LA 70712

     PRO SE DEFENDANT/ RELATOR


**WRIT GRANTED; RELIEF DENIED**
**NOVEMBER 14, 2023**

In 2008, a twelve-person jury found Relator, Randolph Robinson ("Relator"), guilty of the 2004 murder of Tasha Smith ("Ms. Smith"). Thereafter, Relator filed an appeal with this Court, wherein his conviction and sentence were affirmed. Following the denial of his application for post-conviction relief, Relator noticed his intent to apply for supervisory writ and filed the instant writ with this Court. For the reasons that follow, we grant Relator's writ application but relief is denied.

## FACTS AND PROCEDURAL HISTORY

On May 5, 2005, Relator was charged by grand jury indictment for the 2004 murder of Ms. Smith. During the January 2008 jury trial, Relator was identified by the State's witnesses as the perpetrator of the shooting and two St. Paul, Minnesota police officers testified as to the search of the residence where the murder weapon was found and its subsequent seizure. Following the two-day trial, Relator was found guilty of second-degree murder, a violation of La. R.S. 14:30.1[1]. On February 15, 2008, Relator filed a motion for new trial and post-verdict judgment

---

[1] La. R.S. 14:30.1, in pertinent part, provides:

    A.  Second degree murder is the killing of a human being:
          (1) When the offender has a specific intent to kill or to inflict great bodily harm.

1

of acquittal, both of which were denied by the district court. That same day, Relator waived all delays and was sentenced to life imprisonment at hard labor; without the benefit or parole, probation or suspension of sentence.

On February 15, 2008, Relator also filed a motion for appeal, which was granted by the district court. In his appeal to this Court, Relator raised two assignments of error related to the denial of his counsel's challenges for cause of two prospective jurors and the denial of his motion to suppress the murder weapon. In an opinion rendered on May 13, 2009, this Court affirmed the conviction and sentence of Relator, finding the district court did not abuse its discretion in denying Relator's for cause challenges, and the district court properly denied Relator's motion to suppress the murder weapon. *See State v. Robinson*, 08-0652 (La. App. 4 Cir. 5/13/09), 11 So.3d 613, *writ denied*, 09-1437 (La. 2/26/10), 28 So.3d 269.

On June 29, 2011, Relator filed his first application for post-conviction relief. The district court denied the application, on July 20, 2011, as being time barred under La. C.Cr.P. art. 930.8[2] because it was filed more than two years after the judgment of Relator's conviction and sentence had become final. On November 8, 2019, Relator did not appear for the hearing on his application, and his conviction was affirmed.

On March 14, 2023, Relator sent a letter to the district court to check the status of his application for post-conviction relief. Relator received a letter from the minute clerk on June 27, 2023, directing him to refile his application. Thereafter, on September 29, 2023, Relator received notice that his application had

---

[2] La. C.Cr.P. art. 930.8 provides, in pertinent part:

    A. No application for post conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922.

2

been denied on September 26, 2023. On October 2, 2023, Relator timely filed his notice of intent to apply for supervisory writ.

## DISCUSSION

Relator's conviction was affirmed on November 8, 2019. Thus, in accordance with La. C.Cr.P. art. 930.8, Relator had two years after this date, or until November 8, 2021, to file an application for post-conviction relief. However, La. C.Cr.P. art. 930.8 outlines the following exceptions to the two-year prescriptive period:

(1) The application alleges, and the petitioner proves or the state admits, that the facts upon which the claim is predicated were not known to the petitioner or his prior attorneys. Further, the petitioner shall prove that he exercised diligence in attempting to discover any post conviction claims that may exist. . . . New facts discovered pursuant to this exception shall be submitted to the court within two years of discovery. If the petitioner pled guilty or nolo contendere to the offense of conviction and is seeking relief pursuant to Article 926.2[3] and five years or more have elapsed since the petitioner pled guilty or nolo contendere to the offense of conviction, he shall not be eligible for the exception provided for by this Subparagraph.

(2) The claim asserted in the petition is based upon a final ruling of an appellate court establishing a theretofore unknown interpretation of constitutional law and petitioner establishes that this interpretation is retroactively applicable to his case, and the petition is filed within one year of the finality of such ruling.

(3) The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three

---

[3] La. C.Cr.P. art. 926.2, in pertinent part, provides:

A. A petitioner who has been convicted of an offense may seek post conviction relief on the grounds that he is factually innocent of the offense for which he was convicted. A petitioner's first claim of factual innocence pursuant to this Article that would otherwise be barred from review on the merits by the time limitation provided in Article 930.8 or the procedural objections provided in Article 930.4 shall not be barred if the claim is contained in an application for post conviction relief filed on or before December 31, 2022, and if the petitioner was convicted after a trial completed to verdict. This exception to Articles 930.4 and 930.8 shall apply only to the claim of factual innocence brought under this Article and shall not apply to any other claims raised by the petitioner.

years after the judgment of conviction and sentence has become final.
(4) The person asserting the claim has been sentenced to death.
(5) The petitioner qualifies for the exception to timeliness in Article 926.1. [4]
(6) The petitioner qualifies for the exception to timeliness in Article 926.2. [5]

In his application to this Court, Relator asserts three assignments of error: (1) the district court erred in allowing numerous perjury testimonies to be admissible; (2) the State failed to establish the chain of custody for the murder weapon; and (3) he received ineffective assistance of counsel. After reviewing Relator's application for post-conviction relief, we find that his claims do not fall under any of the aforementioned exceptions. Consequently, because Relator failed to file his application for post-conviction relief on or before November 8, 2021, and no exceptions to the two-year prescriptive period are applicable to Relator's claims, this Court must, *sua sponte*, deny his application as timely. *See, e.g., State v. Nelson*, 21-461 (La. App. 3 Cir. 11/10/21), 330 So.3d 336; *State ex rel. Glover v. State*, 93-2330 (La. 9/5/95), 660 So.2d 1189.

**DECREE**

For these reasons, Relator's writ application is grant but relief is denied.

---

[4] La. C.Cr.P. art. 926.1, in pertinent part, provides:

A. (1) Prior to August 31, 2024, a person convicted of a felony may file an application under the provisions of this Article for post-conviction relief requesting DNA testing of an unknown sample secured in relation to the offense for which he was convicted. On or after August 31, 2024, a petitioner may request DNA testing under the rules for filing an application for post-conviction relief as provided in Article 930.4 or 930.8.
(2) Notwithstanding the provisions of Subparagraph (1) of this Paragraph, in cases in which the defendant has been sentenced to death prior to August 15, 2001, the application for DNA testing under the provisions of this Article may be filed at any time.

[5] *See supra* note 3.

4

**WRIT GRANTED; RELIEF DENIED**